EARL S. ECHOLS, JR. and MILDRED ECHOLS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Echols v. Commissioner
Docket No. 1285-75.
United States Tax Court
T.C. Memo 1976-264; 1976 Tax Ct. Memo LEXIS 139; 35 T.C.M. (CCH) 1154; T.C.M. (RIA) 760264; August 23, 1976, Filed Earl S. Echols, Jr., pro se. Stuart B. Kalb, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Addition to Tax Year
Deficiency
Sec. 6653(a) [1]
1971
$ 898.06
$44.90
1972
1,434.24
71.71
We must decide whether petitioners *140 are entitled to deduct traveling expenses incurred by petitioner Earl S. Echols, Jr. in pursuit of his occupation as a conductor and a trainman for a railroad company; and whether the deficiencies determined for 1971 and 1972 are the result of petitioners' negligence or intentional disregard of the rules and regulations covering substantiation of business expenses. FINDINGS OF FACT The stipulation of facts filed by the parties, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioners, Earl S. Echols, Jr. and Mildred Echols, were husband and wife. At the time they filed their petition, Earl resided at Wildwood, Florida and Mildred resided at Jacksonville, Florida. [2] They filed their joint income tax return for 1971, and Earl filed his individual return for 1972, with the District Director of Internal Revenue at Chamblee, Georgia. Any future reference to petitioner shall be to Earl S. Echols, Jr. During 1971 and 1972 Seaboard Coastline Railroad Company employed petitioner as a conductor and a trainman. Seaboard utilized a system of seniority in which the most senior employees had preference *141 on all available jobs. This allowed employees with high seniority to "roll" or replace other employees on a job. Petitioner's seniority in relation to other employees was fairly low. Petitioner testified that he preferred jobs that allowed him to spend time with his family "but when [he] did not stand for a job at home or into home then [he] would have to go away from home to work." From information entered in petitioner's log book we have determined that petitioner changed terminals from which his train runs began and ended approximately 14 times during 1971 and approximately 11 times during 1972. Only on four occasions during this period did he work longer than 4 months on the same run. On four other occasions he worked the same run from 1 to 3 months. Out of the remaining seventeen terminals he worked from 1 to 16 days. When petitioner began a particular run he was unable to determine how long he would be employed to work that run. Employees more senior than he could have rolled him at anytime. Also, at any time he could have rolled less senior employees or moved to other runs as more appealing locations opened up. On his 1971 income tax return, the petitioner *142 claimed a deduction for "away from home" employee business expenses in the amount of $4,103 (rounded from $4,102.56). The claimed deduction was computed as follows: Meals and lodging (277 days
at $15)
$4,155.00
Reimbursements from employer
52.44
Total deduction claimed
$4,102.56
On his 1972 income tax return, the petitioner claimed a deduction for "away from home" employee business expenses in the amount of $4,304.24. The claimed deduction was computed as follows: Meals and lodging (216 days
at $15)
$3,240.00
Automobile expenses: 9,600 miles at 12"
$1,152.00
Parking fees & tolls
108.80
1,260.80
Total expenses
4,500.80
Less: Reimbursements received
from employer
196.56
Total deduction claimed
$4,304.24
Petitioner did not present any receipts, records, or other documentary substantiation to show that the amounts referred to above were incurred or paid. He testified that when he and his wife were divorced in 1971 he moved out and left all of his records behind and that they probably had been destroyed. He further testified that it would have been difficult to keep receipts for expenses since he was constantly moving *143 from place to place. OPINION To be entitled to claim travel expenses, petitioner must substantiate such expenses in accordance with, and fulfill the requirements of, both sections 162 and 274 and the regulations promulgated thereunder. William F. Sanford,50 T.C. 823, 826 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Petitioner must first establish that the expenditures are allowable under section 162 before the provisions of section 274 become applicable. After meeting the requirements of section 162, petitioner must substantiate his expenditures in accordance with the rules of section 274. Sec. 1.274-1, Income Tax Regs.
Under section 162(a)(2), a taxpayer is allowed to deduct, as an ordinary and necessary business expense, traveling expenses while away from home in pursuit of a trade or business. In determining the taxpayer's home, we look to the place where the work is actually performed rather than upon the location of taxpayer's personal residence. Rendell Owens,50 T.C. 577 (1968). As a rule, the tax or business home of an employee is at his principal or regular post *144 of duty during the taxable year, regardless of the physical location of his residence. If the taxpayer has two or more places of business, his tax home is wherever his principal place of business, employment, post or station is located. Markey v. Commissioner,490 F.2d 1249 (6th Cir. 1974). Consequently, we would find the principal or regular place of business of a railroad employee to be the terminal where he ordinarily or for an indefinite period begins and ends actual train runs. However, where an employee has no identifiable principal place of business but maintains a regular place of abode from which he goes out on temporary assignments, the tax home will be regarded as being that place of abode. Hollie T. Dean,54 T.C. 663 (1970); Truman C. Tucker,55 T.C. 783 (1971). See, Lawrence W. Norwood,66 T.C. 467 (1976). This exception to the general rule is intended to operate when the taxpayer's trade or business requires him to travel and when the duration of each job is such as to make it unreasonable to expect him to move his family. Tucker,supra.Employment is temporary when it is anticipated *145 to terminate within a fixed or reasonably short period of time. Beatrice H. Albert,13 T.C. 129 (1949). Respondent argues that petitioner was not "away from home" within the meaning of section 162(a)(2) [3] because his home for Federal income tax purposes was at each of the terminals from which his train runs began and ended. He maintains that petitioner has not shown that the jobs he took at the various terminals were temporary. Respondent points to the fact that petitioner was never given any assurance as to the duration of a job, and that, therefore, petitioner could not have anticipated that a position would terminate within a fixed or reasonably short period of time. Respondent states that: typical of temporary assignments * * * are replacement or relief jobs during sick or vacation leave of the employees who regularly perform those duties. Another kind of temporary assignment away from an employee's regular post of duty is a seasonal job that is not ordinarily filled by the same individual year after year. [Rev. Rul. 75-432, 1975-2 C.B. 60, 62.] Respondent argues that petitioner's jobs were indefinite rather than temporary and that, therefore, *146 his tax home shifted to each new post as he assumed it. We find as a matter of fact that petitioner's job locations during 1971 and 1972 were temporary rather than indefinite. The record establishes that petitioner rarely repeated the same run for more than a few consecutive days and that petitioner did not anticipate working the same run for any length of time. His low seniority and his desire to work the better jobs or jobs running into the town where his family lived prevented this anticipation. Respondent asserts that petitioner's situation is similar to the railroad employee in W. J. Davis,T.C. Memo. 1971-36. We disallowed taxpayer's "away from home expenses" after determining that he had made runs from the same terminal *147 for approximately a year and that he moved his family to the town where the terminal was located during the year in question. We held that in his situation the possibility of being bumped or recalled made the nature of his job indeterminate rather than temporary. In the present case petitioner was constantly changing terminals and was unable to anticipate that he would work a run for a substantial period of time. As a general rule, no deduction will be allowed for traveling "away from home" under section 162 unless the taxpayer substantiates such expenditure pursuant to the requirements of section 274 and the regulations promulgated thereunder. See William Andress, Jr.,51 T.C. 863 (1969), affd. per curiam 423 F.2d 679 (5th Cir. 1970), section 1.274-5(a), Income Tax Regs.Section 1.274-5(b) and (c), Income Tax Regs., specifically states that the taxpayer must substantiate by adequate records or by sufficient evidence corroborating his own statement: (1) the amount of each expenditure for traveling away from home, (2) the time and date of departure and return for each trip away from home, (3) the destination or locality of travel, and (4) the business *148 purpose for the travel. Such expenditures that are not substantiated will be disallowed in full. William F. Sanford,50 T.C. 823, 826 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). In the instant case, petitioner presented evidence of the contents of his log book which shows only the locations of the various train runs and the time and date of the departure and return. He did not offer any explanation as to the contents of the log book nor did he have any documentary substantiation to show the amount of each expenditure. Petitioner cannot be excused from the substantiation requirements of section 274 because his records were lost or destroyed as a result of his divorce. See Joe F. Gizzi,65 T.C. 342, 345 (1975). Furthermore we do not find that he was in a position where he was inherently unable to maintain adequate records. See section 1.274-5(c)(4), Income Tax Regs. Finally, petitioner has not adequately reconstructed his records, an additional requirement of section 1.274-5(c)(5), Income Tax Regs. See, Joe F.Gizzi,supra and cases cited therein. Petitioner has failed to substantiate the claimed *149 expenditures as required by the very strict provisions of section 274 and the regulations promulgated thereunder. Therefore, he is not entitled to deduct the claimed "away from home" expenses. Finally, we must determine whether the deficiencies determined for 1971 and 1972 are the result of the petitioner's negligence or intentional disregard of the rules and regulations regarding substantiation of business expenses. Section 6653(a) provides that if any part of the underpayment of tax is due to negligence or intentional disregard of the rules and regulations, an amount equal to 5 percent of the total amount of the underpayment shall be added to the tax. In the instant case, petitioner failed to keep and retain any records with respect to the claimed expenses. We find this indicates negligence and intentional disregard of the rules and regulations. See David Axelrod,56 T.C. 248 (1971). The burden of proof on this issue is upon the petitioner. Estate of Ralph B. Campbell,56 T.C. 1 (1971). The petitioner has failed to meet the burden. Consequently, the petitioner is liable for a 5 percent addition to the taxes for 1971 and 1972. Decision *150 will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Petitioners were divorced in 1971.↩
3. SEC. 162(a) In General.--The shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * *
(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩